# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **RANPAK CORPORATION** | : | |
| | : | **CASE NO. 1:08CV0042** |
| | : | |
| **Plaintiff,** | : | **JUDGE O'MALLEY** |
| | : | |
| **v.** | : | **ORDER** |
| | : | |
| **DANIEL LOPEZ,** | : | |
| | : | |
| **Defendant.** | : | |

Before the Court is Defendant Daniel Lopez's ("Lopez") *Motion to Dismiss* (Doc. 9). Ranpak Corporation ("Ranpak") has filed a brief in opposition to Lopez's motion to dismiss (See Doc. 11), Lopez has filed a reply in support of the motion (See Doc. 13). For the reasons explained below, Lopez's *Motion to Dismiss* (Doc. 9) is **DENIED.**

## I.      BACKGROUND.

According to the Complaint, Ranpak is an Ohio corporation engaged in the manufacture and sale of packaging materials. Lopez is a former Territory Manager (sales representative) of Ranpak who was responsible for the southwest (California, Arizona, Nevada, and New Mexico), but whose primary focus was southern California. According to Ranpak, Territory Managers are the primary contacts between Ranpak and its customers. Ranpak alleges that Territory Managers are provided with, and have, general access to trade secrets and proprietary information. Ranpak also claims that it invested substantial resources in Lopez's training and support.

Lopez, like other territory managers, was bound by an employment agreement with Ranpak. According to Ranpak, among the terms of Lopez's agreement is a covenant not to compete directly or indirectly with Ranpak for two (2) years following the termination of his employment. Generally, the employment agreement includes terms, *inter alia*, prohibiting solicitation and diversion of customers and promotion or assistance of other competitive businesses. The employment agreement also includes a confidentiality requirement and an Ohio choice of law provision.

According to the complaint, in April, 2007, Lopez resigned from his position with Ranpak to commence employment with Pregis Corporation ("Pregis"). Ranpak contends that Pregis is a direct competitor that is also engaged in the sale of packaging. Since the beginning of his employment with Pregis, Ranpak alleges that Lopez has attempted to sell competing products, has attended trade shows, and has wrongfully used Ranpak's confidential information and trade secrets. As a result of these purported actions, Ranpak has filed a five count complaint against Lopez alleging: (1) breach of contract; (2) tortious interference with business relationships; (3) unfair competition; (4) misappropriation of trade secrets; and (5) inevitable disclosure of trade secret information.

## II.    DISCUSSION.

Lopez seeks to dismiss Ranpak's complaint in its entirety. Principally, Lopez argues: (1) that the employment agreement is unenforceable; (2) that certain claims are preempted by Ohio or California law; (3) that Ranpak has failed to plead all the required elements of its claims; and (4) that "inevitable disclosure" is not a recognized cause of action. For the reasons explained below, the Court finds Lopez's motion to be largely premature and without merit.

2

## A.    Standard of Review.

The Court may dismiss a claim for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) is directed solely at the complaint itself.  Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983) (citing Sims v. Mercy Hospital of Monroe, 451 F.2d 171, 173 (6th Cir. 1971)).  When evaluating a complaint in light of a motion to dismiss, the Court must accept all of the plaintiff's allegations as true and resolve every doubt in the plaintiff's favor.  Craighead v. E.F. Hutton & Co., 899 F.2d 485, 489 (6th Cir. 1990) (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).  A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).  A claim should be dismissed if it does not "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory . . . ."  Id. at 1969 (internal citations and quotations omitted, emphasis in original).  While Rule 12(b)(6) dismissals are liberal, "more than bare assertions of legal conclusions are ordinarily required to satisfy the federal notice pleading requirements."  Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. Ohio 1988).

## B.    Choice of Law.

According to Lopez, a threshold question in this case is whether Ohio law, the jurisdiction chosen by the parties in their agreement, or California law, the jurisdiction in which Lopez resides and where the agreement is principally performed, governs the matter.  In resolving this issue a federal court sitting in diversity must apply the conflict-of-laws rules of the forum state.  Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941).  Thus, "here, it is apparent that it is Ohio's conflict of laws rules

3

that must normally determine which substantive state law should govern the rights of the parties." In re Bendectin Litig., 857 F.2d 290, 304 (6th Cir. 1988).

In Jarvis v. Ashland Oil Co., 17 Ohio St. 3d 189, 192 (1985), the Supreme Court of Ohio held that, "where the parties to a contract have made an effective choice of forum law to be applied, the Restatement of Law 2d, Conflict of Laws (1971) 561, Section 187(2), will not be applied to contravene the choice of the parties as to the applicable law." The Supreme Court of Ohio further held that, "where the law of the chosen state sought to be applied is concededly repugnant to and in violation of the public policy of this state, the law of Ohio will only be applied when it can be shown that this state has a materially greater interest than the chosen state in the determination of the particular issue." Id. The Sixth Circuit Court of Appeals recognized that, "[t]hese recent comments by the Ohio Supreme Court [in Jarvis] indicate that Ohio choice-of-law principles strongly favor upholding the chosen law of the contracting parties." In Tele-Save Merchandising Co. v. Consumers Distributing Co., Ltd., 814 F.2d 1120, 1122 (6th Cir. 1987).

Despite the Ohio choice of law provision in the employment agreement, Lopez contends that California law should apply. Citing to Sekeres v. Arbaugh, 31 Ohio St. 3d 24, 25 (Ohio 1987) (per curiam), Lopez argues that the operative test for determining which State's law applies is as follows: "the application of [Ohio] law here must not violate the public policy of [California], but only if [California] has a materially greater interest than [Ohio] in this matter, and only if [California] law would have governed the agreement if the parties had not specified otherwise." In Sekeres, the Ohio Supreme Court stated: "[t]he first requirement is that the chosen state must have a substantial relationship to the parties or the transaction," and, "[t]he second requirement is that the application of the law of the chosen state must not violate the fundamental policy of the state which (1) has a greater

4

material interest in the determination of the issue, and (2) is the state whose law would be applied in the absence of a choice by the parties." Id.  In his motion to dismiss, Lopez does not contend that Ohio does not have a substantial relationship to the parties or the transaction.[1]  Rather, Lopez's argument centers on the claim that Ohio's competition law violates California's public policy, that California has a greater material interest in the determination of the issue, and that California law would apply in an absence of the parties' choice to apply Ohio law.  As explained below, given the bare record before the Court at this stage of the proceedings, however, it is impossible to determine which State's law would apply.

For starters, Lopez's claim that Ohio law violates the public policy of California because California will not countenance any of the restrictive provisions in the agreement is a marked overstatement of the prohibition.  Rather, "Section 16600 does not authorize employees to compete with former employers by stealing their confidential customer information."  Neville v. Chudacoff, 160 Cal.App.4th 1255, 1270 (Cal. App. 2008).  Further, "[a]cts of solicitation of the former employer's customers and the misuse of confidential information are acts of unfair competition that may be enjoined."  Robert L. Cloud & Assoc., Inc. v. Mikesell, 69 Cal.App.4th 1141, 1150 (Cal. App. 1999). Thus, the provisions in the employment agreement that limit Lopez's ability to solicit new customers or use trade secrets are not clearly repugnant to California policy.  Lopez's argument, therefore, appears to rest solely on the assumption that if *any* restriction prohibiting his employment with a competitor

---

[1] In his reply, for the first time, Lopez appears to assert that Ohio does not have a substantial relationship to the parties *or* the transactions.  Given the obvious relationship (Ranpak is an Ohio corporation with its principle place of business in Ohio), the Court assumes that Lopez merely intended to press the argument that California had a greater material interest in the issue. Jarvis, 17 Ohio St. 3d at 191 ("That state, being the state of incorporation and principal place of business of [the company], clearly has a substantial relationship to the parties.") (citing Comment f to Section 187 of the Restatement of Conflicts).

exists, then the application of Ohio law – which presumably would permit that clause – would be repugnant to California public policy.[2]

In any event, the critical determination – whether California has a materially greater interest in the matter – is almost completely ignored by Lopez.  In less than half of a page, with no supporting case law, Lopez concludes that Ranpak's residency in Ohio is "neutralized" by Lopez's California residency and that, because California was the primary place of performance, California has a materially greater interest.  The Court finds this glib analysis, which amounts to awarding one point to each party for domicile and one for the location of the performance of the contract, to be entirely unhelpful.  Significantly, Lopez fails to consider Ohio's interest in applying its law to agreements formed in Ohio, with Ohio corporations, and in which the parties agreed to be governed by Ohio law.  Lopez also omits any discussion about Ohio's need to protect the trade secrets and business integrity of its corporate citizens.  Stated differently, the Court has little information at hand from which it can weigh the competing interests of California and Ohio – the hardship Lopez would suffer (*i.e.*, the magnitude of the restraint of trade that California policy prohibits) against the hardship Ranpak would suffer (*i.e.*, the legitimate interests of the employer that Ohio protects).  In short, the Court has too few facts and too little analysis from the parties to decide which State's law applies at this stage.

---

[2]  Lopez, however, overlooks a critical nuance.  The choice of law analysis focuses on whether the *application* of Ohio law would violate the public policy of California, not whether the employment contract as written would do so.  In Ohio, a "court has the power to modify non-competition clauses to ensure that they are no more restrictive than necessary to protect the legitimate interests of the employer."  Chrysalis Health Care, Inc. v. Brooks, 65 Ohio Misc.2d 32, 41-42 (Ohio Ct. C.P. 1994) (citing Raimonde v. Van Vlerah, 42 Ohio St.2d 21 (1975)).  Thus, though California courts may not make such modifications, here the Court retains the option to modify the agreement by removing or limiting the offending clause while preserving those provisions that do not violate California policy.

In sum, if California law governs the agreement, it may be true that Ranpak has not stated a claim for breach of contract and that its remaining causes of action are preempted by the California Uniform Trade Secrets Act.[3]  If, however, Ohio law controls, then, given the Court's ability under Ohio law to modify the agreement there will likely be significant factual issues that may even be unsuitable for summary judgment.  As explained above, however, it is impossible to resolve the choice of law question on the basis of the complaint alone, and, therefore, the Court cannot adjudicate the critical question of whether the employment agreement contains valid provisions limiting Lopez's solicitation of customers and his current employment with a competitor.  For these reasons, and because under these circumstances much of the necessary discovery for purposes of choice of law likely will overlap with merits discovery involving competition, misappropriation, and solicitation (*i.e.*, facts that relate to the potential harm caused to Ranpak by Lopez's alleged actions will bear on the issues of Ohio and California's competing policies relating to the protection of interests of employees and employers as well as the merits), the Court finds Lopez's motion not well-taken.

## III.    CONCLUSION.

For the foregoing reasons, Lopez's *Motion to Dismiss* (Doc. 9) is **DENIED.**

**IT IS SO ORDERED.**

                                         s/Kathleen M. O'Malley
                                         **KATHLEEN McDONALD O'MALLEY**
                                         **UNITED STATES DISTRICT JUDGE**

**Dated:  August 12, 2008**

---

[3]  While the Court recognizes that the parties also discuss issues other than preemption when discussing the viability of the other claims in the complaint, the Court sees no reason to resolve those questions now on such a thin record.  The heart of the parties' dispute is the enforceability and scope of the employment agreement to which Lopez agreed when employed by Ranpak.  Because, given the Court's initial conclusions herein, discovery and additional motion practice will proceed on those issues, no additional burden is imposed from reserving the merits consideration of these peripheral claims for a later, more appropriate, phase in these proceedings.